UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEVON ROBERTSON, an individual,

    Plaintiff,

v.

STATE OF NEVADA ex rel. Dept. of Health and Human Services; RUSSELL KLEIN, an individual; and GREGORY THORNTON, an individual,

    Defendants.

Case No. 3:17-cv-00057-LRH-VPC

ORDER

    Before the court is defendants' motion to dismiss plaintiff Devon Robertson's ("Robertson") amended complaint (ECF No. 8). ECF No. 12. Plaintiff Robertson filed a response (ECF No. 21) to which defendants replied (ECF No. 24).

**I.    Background**

    On January 19, 2016, Robertson began employment as an academic teacher with Independence High School ("Independence"), an accredited high school in Elko, Nevada, and part of the State of Nevada Youth Training Camp operated by defendant State of Nevada Department of Health and Human Services ("DHHS"). Defendant Russell Klein ("Klein") was the principal of Independence and functioned as Robertson's direct supervisor. Defendant Gregory Thornton ("Thornton") is the superintendent of Independence and was Klein's direct supervisor.

///

Robertson alleges that during her first few months at Independence, Klein began a "campaign charged with sexual innuendo, romantic advances, and outright overtures of a sexual nature" towards her which included an incident wherein Klein touched Robertson's thigh while making overt sexual comments. ECF No. 8 at ¶ 5. While Klein engaged in this sexually charged behavior, he praised Robertson's teaching acumen. For instance, in March 2016, Klein referred to Robertson as a "veteran teacher who handled herself tremendously in the classroom" in an email he sent to Thornton and other faculty. *Id.* at ¶ 4. After several months of Klein's behavior, on or about April 18, 2016, Robertson told Klein that she wanted a strictly professional relationship.

After Robertson's rebuke, Klein immediately changed his behavior and attitude toward her. On April 21, 2016, Klein ordered Robertson to keep her classroom door open at all times. Robertson notified Klein that this open-door policy violated the fire code, created a hostile working environment, interfered with her ability to do her job, and violated her rights as a disabled person, but Klein continued the policy.[1] *Id.* At the time, no other teacher at Independence was subjected to the open-door policy. After this confrontation, Klein then began ignoring Robertson and when forced to respond, did so in short, accusatory tones. *Id.* In response, Robertson sought mediation through DHHS's Department of Human Resources ("HR") to resolve her conflict with Klein, but her scheduled meeting was canceled. *Id.* at ¶ 6.

A week later on April 28, 2016, Robertson met with Thornton and Klein for a scheduled performance appraisal. *Id.* at ¶ 6. During the meeting, Thornton and Klein concluded that Robertson met standards, but otherwise gave her a "disparaging appraisal"[2] and recommended that Robertson learn humility. *Id.* Robertson immediately contested the appraisal and a deputy administrator ultimately increased her performance score and struck certain items from the

---

[1] While the sexual harassment was ongoing, Robertson allegedly informed Klein and Thornton that she suffered from social anxiety and an auditory perception disorder. She alleges that Klein mandated this open-door policy because he knew it would aggravate her disabilities. ECF 12 at ¶ 8.

[2] Robertson does not allege exactly what Klein and Thornton stated in their appraisal. She alleges only that it was "the worst performance appraisal she has ever had." ECF No. 21 at 3.

record.[3] *Id.* After Robertson initiated the appeal of her performance appraisal, Klein allegedly stated that he and Thornton would seek to terminate her for "going over [their heads]" to HR. *Id.*

The next day, Klein allegedly told Robertson that she needed to say that she would do anything to keep her job. *Id.* at ¶8. Robertson refused and again told Klein that he was subjecting her to a hostile work environment, violating the fire code, and violating her rights as a disabled person. *Id.* Klein then told Robertson that Thornton had requested a meeting with her and that she must tell Thornton that she would do anything to keep her job and that she needed to be humble and "beg for forgiveness." Robertson again refused. *Id.* at ¶ 10.

After their latest discussion, Robertson alleges that Klein began to single her out and falsely accuse her of tardiness. *Id.* For example, on May 4, 2016, Robertson arrived at Independence 10 minutes early with another teacher, but Klein reprimanded Robertson for tardiness, despite the other teacher informing Klein that they arrived together. *Id.*

In mid-July, Klein left Independence and was replaced by non-party Mikel Beardall ("Beardall"). *Id.* at ¶ 11. In late September, Robertson raised new concerns to HR regarding alleged bullying and intimidation by Thornton and Beardall. *Id.* Then, in early October, Robertson voiced concerns to Beardall regarding Independence's non-compliance with Special Education, Response to Interventions (RTI), and English Language Learners (ELL) program requirements. *Id.* During that conversation, Beardall allegedly told Robertson that the current procedures would remain in effect and not to complain again. *Id.* Shortly thereafter, Robertson filed intake paperwork with the Equal Employment Opportunity Commission ("EEOC").[4] *Id.* Subsequently, on October 27, 2016, Thornton released Robertson from her probationary employment period, thereby terminating her employment. *Id.* Thereafter, on January 31, 2017, Robertson initiated this action against the defendants. ECF No. 1.

///

///

///

---

[3] Robertson does not state what items in the appraisal were struck from the record.

[4] Robertson does not provide the date of this filing, but asserts in her opposition that Thornton and Beardall became aware of her filing by October 27, 2016. ECF No. 21 at 9.

3

## II. Legal Standard

Defendants seek dismissal of certain claims in Robertson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. A court reviewing a motion to dismiss under 12(b)(6) accepts the facts alleged in the complaint as true. To survive a 12(b)(6) motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed allegations, however, a pleading must be more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Towmbly*, 550 U.S. 544, 555 (2007)). While the court does accept factual allegations as true, "bare assertions. . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Id.* (citing *Iqbal*, 556 U.S. at 679).

Furthermore, Rule 8(a)(2) of the Fed. R. Civ. P. requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the pleaded facts allow the court to draw a reasonable inference, based on judicial experience and common sense, that the defendant is liable for the alleged conduct. *See id.* at 678-9.  The standard asks for more than a mere possibility that a defendant has acted unlawfully. *Id.* at 678. Where a complaint pleads facts that are merely consistent with a theory of liability, "it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* Therefore, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

///

///

## III. Discussion

In her first amended complaint, Robertson makes three claims for relief. *See* ECF No. 8. First, Robertson alleges that Klein and Thornton violated her First Amendment rights by retaliating against her for engaging in constitutionally protected speech. Second, Robertson alleges a Title VII claim for sexual harassment and hostile work environment.[5] Finally, Robertson alleges that Klein and Thornton discriminated against her because of her disabilities in violation of the Rehabilitation Act. In their motion to dismiss, defendants move to dismiss all of Robertson's claims except her Title VII claim. ECF No. 24. The court shall address each claim below.

### A. First Amendment Retaliation

In her first claim for relief, Robertson alleges that Klein and Thornton retaliated against her for engaging in protected speech during her employment. *See* ECF No. 8. To state a claim for a violation of her First Amendment rights, Robertson must allege that: (1) she engaged in protected speech; (2) that she was subjected to an "adverse employment action"; and (3) that her speech was a "substantial or motivating" factor for the adverse employment action. *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 675-6 (1996). An employee engages in protected speech when that speech addresses "a matter of legitimate public concern." *Pickering v. Bd of Educ.*, 391 U.S. 563, 571 (1968). This includes speech divulging information necessary for the public to "make informed decisions about the operation of their government," but not information relating to personnel disputes. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (quoting *Thornhill v. Alabama*, 310 U.S. 88, 102 (1940)).

In her complaint, Robertson alleges seven instances of protected speech: (1) the April 18, 2016 discussion with Klein where Robertson told him she wanted a strictly professional relationship; (2) the April 21, 2016 conversation with Klein where Robertson reported that the open-door policy violated fire code; (3) the April 21, 2016 conversation with HR requesting mediation with Klein to resolve their dispute; (4) the April 29, 2016 discussion with Klein during

---

[5] Robertson also seems to allege a separate Equal Protection claim against Klein arising from the same factual allegations.

5

which Robertson refused to go to Thornton to "beg for forgiveness" and again told Klein that he was violating the fire code and her rights as a disabled person; (5) a May 26, 2016 report to OSHA wherein Robertson reported the fire code violation; (6) an early October conversation in which Robertson raised concerns with Beardall regarding Independence's non-compliance with Special Education, RTI, and ELL requirements; and (7) the filing of Robertson's EEOC complaint. *See* ECF No. 8. The court has reviewed the allegations in the complaint and finds that only the fifth and seventh instances constitute protected speech. Robertson's first allegation concerned a "personnel dispute" between her and Klein and is not protected as a matter of law. *Coszalter*, 320 F.3d at 974. The second, third, fourth, and sixth allegations involve unprotected speech because Robertson's complaint about the school's compliance with the fire code and various educational requirements were only given internally and necessarily fall within the scope of Robertson's duties. *See Ledford v. Idaho Dept. of Juvenile Corrections*, 658 Fed. Appx. 312, 315 (9th Cir. 2016) (finding that an employee's *internally raised* concerns over compliance with safety code was within the scope of employment and thus, not protected speech). Thus, Robertson has alleged only two instances of protected speech: the May 26, 2016 OSHA report and the filing of her EEOC complaint. The court shall therefore only evaluate the alleged adverse employment actions in relation to those two acts of protected speech.

In her complaint, Robertson alleges that both Klein and Thornton engaged in several retaliatory adverse employment actions during her short employment. As to Klein, Robertson alleges four adverse employment actions: (1) the open-door policy, (2) the performance evaluation, (3) his statements that Robertson needed to say she would "do anything" to keep her job and that she needed to go to Thornton and "beg for forgiveness;" and (4) the tardiness reprimands. In determining whether an adverse employment action has occurred "the inquiry is whether 'the exercise of the first amendment rights [would be reasonably] deterred' by the . . . actions." *Coszalter*, *320* F.3d at 975 (quoting *Allen v. Scribner*, 812 F.2d 426, 434 (9th Cir. 1987)). The "act of retaliation need not be severe and it need not be of a certain kind." *Id.* However, "when an employer's response includes only minor acts, such as 'bad-mouthing' that cannot be reasonably expected to deter protected speech, such acts do not violate an employee's

6

First Amendment rights." *Id.* at 976. Here, the court finds that the alleged adverse employment actions do not constitute retaliation. First, Klein's first and second adverse actions took place in April 2016 after incidents of unprotected speech and prior to Robertson's May 16 OSHA complaint. Thus, even if these actions constituted adverse employment actions, they cannot satisfy a claim for First Amendment retaliation as a matter of law. *Board of County Com'rs*, 518 U.S. at 675-6. Second, Klein's third and fourth alleged actions are minor acts that cannot reasonably be expected to deter any protected speech and are likewise insufficient to constitute adverse employment actions. *Id.* Thus, Robertson has failed to sufficiently allege a First Amendment retaliation claim against defendant Klein.

As to defendant Thornton, Robertson alleges two adverse employment actions: (1) the performance evaluation and (2) her termination after she filed the EEOC complaint. The court finds both allegations insufficient. First, as addressed above, the performance evaluation does not constitute retaliation as a matter of law because it was given after an incident of unprotected speech. Second, as to her termination, Robertson fails to allege in her complaint that Thornton was aware of her EEOC filing when he released her from her probationary period. Further, nowhere in her complaint does Robertson identify the date she filed her complaint with the EEOC. Therefore, the court finds that Robertson has also failed to plead her First Amendment retaliation claim against Thornton. Accordingly, the court shall grant defendants' motion as to this claim.

### B.     Robertson's Second Claim

In her second claim, Robertson alleges a Title VII claim against defendants for sexual harassment and a hostile work environment. However, it also appears to the court and the defendants that Robertson is also alleging an Equal Protection claim for the same conduct. To the extent that Robertson alleges a Title VII complaint, defendants accept her allegations and do not move to dismiss this claim. As such, Robertson's Title VII claim shall move forward. To the extent that Robertson alleges an Equal Protection claim, defendants argue that she fails to state a claim under 18 U.S.C. § 1983. ECF No. 21. The court agrees.

///

A plaintiff alleging an Equal Protection violation must show: (1) defendants put in place a policy that creates a classification of individuals; and (2) the ends served by the classification are insufficient to justify the classification. *See generally New York City Transit Authority v. Beazer*, 440 U.S. 568 (1979); *Minnesota v. Clover Leaf Creamery*, 449 U.S. 456 (1981). Here, Robertson has failed to allege that there was a gender-based policy of discrimination or that the defendants engaged in classification of employees based on their gender. In fact, Robertson fails to allege that other female employees at Independence were treated unfairly or in a manner similar to how Klein or Thornton treated her. Rather, all of Robertson's allegations relate to discrimination directed exclusively at her and no other employee at Independence. Thus, her complaint alleges only a class of one. A "class-of-one theory of Equal Protection has no application in the public employment context." *Enguist v. Or. Dept. of Agr.*, 553 U.S. 591, 607 (2008). Therefore, to the extent Robertson has alleged an Equal Protection claim, the court shall dismiss that claim.

### C.     Rehabilitation Act

In her final claim, Robertson alleges that Klein and Thornton discriminated against her because of her disabilities in violation of the Rehabilitation Act. The Rehabilitation Act, codified at 29 U.S.C. § 701 et seq., prohibits employment discrimination based on an employee's disability. To state a valid claim for relief against an employer or supervisor under the Rehabilitation Act for failure to provide reasonable accommodation, Robertson must allege that: (1) she has a disability as defined in the statute, (2) she was a qualified individual able to perform the essential functions of her job, (3) that defendants were informed of the special needs that Robertson required due to her disabilities, and (4) that her accommodations would have been reasonable. *See Vinson v. Thomas*, 288 F.3d 1145, 1152-4 (9th Cir. 2002).

The court has reviewed Robertson's claim and finds that she has sufficiently alleged a claim upon which relief can be granted. Robertson alleges that she has two disabilities recognized under the Rehabilitation Act; social anxiety disorder and an auditory perception disorder. ECF No. 8 at ¶ 8. Robertson has also alleged that she was qualified to perform her job and performed it sufficiently when she was terminated. Further, Robertson has alleged that she

1  informed Klein that she suffered from the above identified disabilities prior to his discriminatory
2  and retaliatory conduct. Drawing all reasonable inferences in Robertson's favor, the court finds it
3  plausible that Klein implemented the open-door policy knowing that it would aggravate
4  Robertson's disabilities, especially in light of the allegation that Klein continued this policy after
5  Robertson confronted him about his actions. Therefore, the court shall deny defendant's motion
6  on this claim.

**IV.     Leave to Amend**

Fed. R. Civ. P. 15(a)(2) vests the court with authority to grant a party leave to amend their complaint after that party has already amended their complaint as a matter of right. Although Robertson's amended complaint fails to allege several elements in support of her claims, she has indicated in her opposition that she could rectify the identified pleading defects. *See* ECF No. 21. Therefore, the court shall grant Robertson leave to file one final amended complaint.

IT IS THEREFORE ORDERED defendants' motion to dismiss (ECF No. 12) is granted in accordance with this order. Plaintiff Devon Robertson's first cause of action for First Amendment Retaliation and second cause of action for an Equal Protection violation are DISMISSED without prejudice.

IS IT FURTHER ORDERED that plaintiff shall have twenty (20) days after entry of this order to file a final amended complaint, if any. If plaintiff does not file a final amended complaint, this action shall proceed only on plaintiff's Title VII and Rehabilitation Act claims.

IT IS SO ORDERED.

DATED this 18th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE