UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEVON ROBERTSON,

    Plaintiff,

v.

STATE OF NEVADA, ex rel. Department of Health and Human Services; RUSSELL KLEIN; and GREGORY THORNTON;

    Defendants.

Case No. 3:17-cv-0057-LRH-WGC

ORDER

Before the court is defendants the State of Nevada ex rel. the Department of Health and Human Service, Russell Klein, and Gregory Thornton's (collectively "defendants") motion to dismiss plaintiff Devon Robertson's ("Robertson") second amended complaint (ECF No. 29). ECF No. 32. Plaintiff Robertson filed an opposition (ECF No. 33) to which defendants replied (ECF No. 34).

I. **Facts and Procedural Background**

On January 19, 2016, Robertson was hired as a teacher at Independence High School ("Independence"), a public state-sponsored charter school located in Elko, Nevada, and operated by defendant State of Nevada Department of Health and Human Services ("DHHS"). Defendant Russel Klein ("Klein") was the principal of Independence at that time and functioned as Robertson's direct supervisor. Defendant Gregory Thornton ("Thornton") is the superintendent of Independence and was Klein's supervisor.

1

During Robertson's first few months at Independence, Klein allegedly began sexually harassing Robertson leading to an incident in early April 2016, wherein Klein allegedly made a direct and overt sexual advance towards her while touching her thigh. Robertson then told Klein that she wanted a strictly professional relationship. Thereafter, Klein allegedly changed his attitude toward Robertson and her work performance.

On April 28, 2016, ten days after Robertson rejected Klein's alleged advances, Robertson met with Thornton and Klein for a scheduled performance appraisal. During the meeting, Thornton and Klein concluded that Robertson met standards, but gave her an allegedly disparaging appraisal and recommended that Robertson learn humility. Robertson immediately contested the appraisal and a deputy administrator ultimately increased her performance score and struck certain items from the record.[1] After Robertson initiated the appeal of her performance appraisal, Klein allegedly stated that he and Thornton would seek to terminate her for "going over [their heads]" to HR. *Id.*

The next day, Klein allegedly told Robertson that she needed to say that she would do anything to keep her job. Robertson refused and Klein then told her that Thornton had requested a meeting and that during the meeting she must tell Thornton that she would do anything to keep her job and that she needed to be humble and "beg for forgiveness." Robertson once again refused. A few weeks later, on May 18, 2016, Robertson then filed intake paperwork with the Equal Employment Opportunity Commission ("EEOC") for alleged gender and disability discrimination. In mid-July, Klein left Independence and was replaced by non-party Mikel Beardall ("Beardall") to serve as Principal. Then on or about mid-October 2016, defendants allegedly learned that Robertson had filed a complaint with the EEOC. Subsequently, on October 27, 2016, Thornton terminated Robertson from her employment.

On January 31, 2017, Robertson initiated the underlying action against defendants. ECF No. 1. On May 15, 2017, Robertson filed a first amended complaint alleging three causes of action: (1) First Amendment retaliation; (2) gender discrimination;[2] and (3) violation of the

---

[1] Robertson does not state what items in the appraisal were struck from the record.
[2] In her first amended complaint, Robertson's claim for gender discrimination alleged two separate claims for relief: hostile work environment in violation of Title VII and an Equal Protection violation.

Rehabilitation Act. ECF No. 8. In response, defendants filed a motion to dismiss the first amended complaint (ECF No. 12) which was granted by the court (ECF No. 28). In that order, the court found that the claims alleged against defendants Klein and Thornton failed to state a claim for which relief can be granted. *See* ECF No. 28. However, because Robertson argued that she could rectify the identified pleading deficiencies in her first amended complaint, the court granted her leave to file a second amended complaint. *Id*. Thereafter, on August 7, 2017, Robertson filed a second amended complaint alleging the same causes of action against defendants. ECF No. 29. In response, defendants filed the present motion to dismiss the second amended complaint. ECF No. 32.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See Id.* at 678-679 (stating that "[t]he

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted). Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III. Discussion

### A. First Amendment Retaliation

In order to state a claim for employment retaliation in violation of her First Amendment rights, a plaintiff must allege that: (1) she engaged in protected speech; (2) that she was subjected to an "adverse employment action"; and (3) that her speech was a "substantial or motivating" factor for the adverse employment action. *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 675-6 (1996). An employee engages in protected speech when that speech addresses "a matter of legitimate public concern." *Pickering v. Bd of Educ.*, 391 U.S. 563, 571 (1968). Protected speech also includes speech divulging information necessary for the public to "make informed decisions about the operation of their government," even if that speech falls within the scope of the employee's employment, but not information relating to personnel disputes. *See Coszalter v. City of Salem*, 320 F.3d 968, 973-95 (9th Cir. 2003) (finding that the plaintiffs, public employees, engaged in protected speech when they reported unsafe working conditions to OSHA).

///

In the court's prior order, the court found that Robertson had failed to allege a claim for First Amendment retaliation against defendant Klein because the alleged retaliatory acts identified with Klein took place *before* any protected speech and that Klein's conduct after Robertson's protected speech were "insufficient to constitute adverse employment actions." ECF No. 28. Further, the court found that Robertson had failed to allege a claim for First Amendment retaliation against defendant Thornton because "Robertson [failed] to specifically allege that Thornton was aware of her EEOC filing when he released her" from her employment. *Id*.

In her second amended complaint, Robertson bases her current First Amendment retaliation claim against Klein on the same allegations that the court found were insufficient as a matter of law to state a First Amendment retaliation claim in her first amended complaint. *Compare* ECF No. 8 with ECF No. 29. The only additional allegations related to defendant Klein are footnotes alleging that Robertson's speech "was protected speech." *See* ECF No. 29, notes 2-5. The court finds that these additional "allegations" are actually factual conclusions which cannot support Robertson's claim as the determination of whether speech constitutes protected speech is a matter of law to be decided by the court. *Peterson v. Little, Brown & Co.*, 502 F. Supp. 2d. 1124, 1133 (W.D. Wash. 2007) (stating that the determination of whether a statement is protected under the First Amendment is a matter of law to be determined by the court). Thus, Robertson's conclusions notwithstanding, these allegations are still insufficient to allege a claim for First Amendment retaliation as to defendant Klein. Therefore, the court shall once again grant defendants' motion as to this issue.

However, as to defendant Thornton, the court finds that Robertson has sufficiently alleged a claim for First Amendment retaliation arising from her termination. In her first amended complaint, Robertson failed to identify the date on which she filed her EEOC complaint. *See* ECF No. 8. As such, the court found that Robertson had failed to allege a claim for First Amendment retaliation because there was no identified correlation between her termination and her EEOC complaint from which the court could draw an inference that the termination was retaliatory. *See* ECF No. 28. Now, however, Robertson has alleged that she

filed her EEOC complaint on May 18, 2016, and that defendants received notification of her complaint in October, prior to her termination. *See* ECF No. 29, n. 6; ¶ 11. Therefore, the court finds that Robertson has sufficiently alleged a claim for First Amendment retaliation against Thornton related to her termination.[3] Accordingly, the court shall deny defendants' motion as to this claim.

**B.    Gender Discrimination**

In her second claim, Robertson alleges that while employed at Independence she was subjected to both a hostile work environment and denied the equal protection of the law because of her gender. *See* ECF No. 29. The court previously addressed Robertson's Equal Protection claim and found that her claim was insufficiently pled because she failed "to allege that other female employees at Independence were treated unfairly or in a manner similar to how Klein and Thornton treated her" and thus, she alleged a class of one which is insufficient as a matter of law to plead an Equal Protection claim. *See* ECF No. 28 (citing *Enguist v. Or. Dept. of Agr.*, 553 U.S. 591, 607 (2008)). In her second amended complaint, Robertson has added a single allegation to this claim and alleges that: "This is not a class-of-one claim. Plaintiff bases her claim upon discrimination against her based upon her status in a protected class, and not simply because she alone was singled out for arbitrary treatment." ECF No. 29, n. 7. However, her allegations still fail to allege that any other female employees were treated unfairly or in a similar manner to how she was treated. As such, Robertson fails to allege that there was a gender-based policy of discrimination at Independence or that the defendants engaged in classification of employees based on their gender. Therefore, Robertson's claim still only alleges a class of one which fails to state an Equal Protection claim as a matter of law. Accordingly, the court shall once again dismiss this claim.

As to Robertson's hostile work environment claim, defendants did not move to dismiss this claim in their initial motion to dismiss and so the court has not yet had a chance to review this claim. Now, however, defendants contend that the hostile work environment claim is also

---

[3] The court still finds that Robertson's claim for First Amendment retaliation against Thornton related to her performance evaluation is without merit and that claim shall not move forward. *See* ECF No. 28.

insufficiently pled and should be dismissed. *See* ECF No. 32. The court has reviewed the documents and pleadings on file in this matter and finds that Robertson has sufficiently alleged a hostile work environment claim under Title VII.

Title VII prohibits discrimination against an employee on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Although not explicitly included in the text of Title VII, claims based on a hostile work environment fall within Title VII's protections. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). To state a hostile work environment claim, a plaintiff must allege that (1) she was subjected to verbal or physical harassment because of her gender, (2) the harassing conduct was unwelcome, and (3) the harassing conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003); *see also, Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 817 (9th Cir. 2002); *Nichols v. Aztec Restaurant Enterprises, Inc.*, 256 F.3d 864, 871 n.4 (9th Cir. 2001).

In her second amended complaint, Robertson has alleged that after she was hired at Independence defendant Klein "began a campaign charged with sexual innuendo, romantic advances, and outright overtures of a sexual nature and because of Plaintiff's gender and sex." ECF No. 29, ¶ 5. Robertson further alleges that this sexual conduct continued for several months leading to an incident in early April 2016 where Klein placed his hand on her thigh while making a direct sexual overture about "hot monkey sex." *Id*. Robertson has also alleged that because of this conduct her working conditions deteriorated to the point that she felt uncomfortable dealing with Klein who was her direct supervisor and addressing certain employment concerns with him. Moreover, Robertson has alleged that Klein's behavior shifted and became increasingly hostile after Robertson declined his advances and ultimately created a abusive working environment. The court finds that these allegations are sufficient to allege a claim for a hostile working environment. Therefore, the court shall deny defendants' motion as to this issue.

///

///

### C. Rehabilitation Act

In her final claim, Robertson alleges that Klein and Thornton discriminated against her because of her disabilities in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. The court previously found that Robertson had failed to allege a claim under the Rehabilitation Act because "nowhere in her complaint has Robertson alleged that she sought reasonable accommodation from Klein and Thornton for her disabilities or that reasonable accommodations were denied by Klein or Thornton in violation of the Rehabilitation Act." ECF No. 28. In her second amended complaint Robertson has failed to add any new allegations to rectify the identified pleading defects. In fact, her second amended complaint contains the same allegations found deficient in the first amended complaint. Therefore, the court shall once again grant defendants' motion to dismiss this claim.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 32) is GRANTED in-part and DENIED in-part in accordance with this order. Defendant Russell Klein is DISMISSED as a defendant in this action. Further, plaintiff's Equal Protection claim and Rehabilitation Act claim are DISMISSED in their entirety from plaintiff's second amended complaint (ECF No. 29). The only claims moving forward in this action are plaintiff's first cause of action for First Amendment retaliation against defendant Gregory Thornton as it relates to plaintiff's termination of employment and second cause of action for a hostile work environment in violation of Title VII against defendant State of Nevada, ex rel. its Department of Health and Human Services.

IT IS SO ORDERED.

DATED this 11th day of October, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE