1

2

3

4

5          UNITED STATES DISTRICT COURT

6               DISTRICT OF NEVADA

7                    * * *

8  DEVON ROBERTSON,                    Case No. 3:17-CV-057-LRH (WGC)

9                        Plaintiff,    REPORT AND RECOMMENDATION OF
                                       UNITED STATES MAGISTRATE JUDGE
10     v.

11 STATE OF NEVADA, et al.,

12                      Defendants.

13         This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

14 District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

15 § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is defendants' motion

16 to enforce settlement agreement (ECF No. 58).  No opposition was filed.  As more fully set forth

17 below, this court recommends that defendants' motion be granted.

18 I.    **Procedural History**

19         An early neutral evaluation ("ENE") was held on January 22, 2018 (ECF No. 57).  Plaintiff

20 attended the ENE in person with her attorneys, Daniel Kalish, Esq. and Jenny Foley, Esq. of HKM

21 Employment Attorneys LLP.  (*Id.*)  The settlement agreement included the following relevant

22 terms which were placed on the record:

23
24         1. In settlement of all claims raised in this litigation, the
           defendants will pay plaintiff the sum of $49,000, which included the
25         payment of attorneys' fees (Transcript, ECF No. 74 at 5:25-6:16);

26         2. Counsel would work together to determine whether two checks
           would be made payable and to whom (*Id.* at 6:16-7:23);
27
28         3. The parties agreed that this is the settlement of a disputed claim
           and is not to be construed as an admission of liability (*Id.* at 7:24-13);

4. Plaintiff agreed not to seek employment with any division of the State of Nevada, and the State of Nevada agreed to provide a neutral reference with dates of position held and identify position held (*Id.* at 8:14-9:9);

5. The parties agreed that this court would retain jurisdiction over the terms of the settlement until the stipulation to dismiss was entered with prejudice (*Id.* at 9:10-10:6); and

6. The parties agreed to file a stipulation for dismissal on or before February 21, 2018 (*Id.* at 10:7-19).

During the finalization of the settlement agreement, counsel for plaintiff notified defendants that they "should not expect a signed settlement agreement from plaintiff." (ECF No. 58, Ex.A). Plaintiff's counsel explained that they were unable to provide any additional information without violating attorney-client confidentiality. (*Id.*) The present motion to enforce settlement agreement followed two days later.

No opposition was filed to the motion to enforce. Therefore, the court *sua sponte* granted an extension of time to March 19, 2018 to file an opposition (ECF No. 60). In response, Jenny Foley, Esq. and HKM Employment Attorneys LLP filed a motion to withdraw as counsel (ECF No. 62).

The court set a hearing on the motion to withdraw and ordered plaintiff to appear telephonically (ECF No. 63). Daniel Kalish, Esq. and Jenny Foley, Esq. of HKM appeared telephonically and advised the court that they both notified plaintiff of her required appearance at the hearing; however, plaintiff failed to appear either in person or telephonically. (ECF No. 64). Both counsel advised that they had no recent contact with plaintiff. (*Id.*) The court granted HKM's motion to withdraw, noted that plaintiff would be appearing *in pro se* from that point forward, and again *sua sponte* granted plaintiff an additional fifteen days to file an opposition to the motion to enforce. (*Id.*) The court's minutes were mailed to plaintiff at her last known address. (*Id.*)

On April 3, 2018, *pro se* plaintiff contacted the deputy court clerk by email and stated, "I wish to have the case dismissed. What do you need from me?" (ECF No. 66). The court directed the parties to meet and confer and prepare a stipulation to dismiss this case with prejudice by April

1    20, 2018.  (*Id.*)  No stipulation to dismiss was filed.  Rather, plaintiff filed a request for electronic

2    access (ECF No. 67) which was granted (ECF No. 68).

3          Thereafter, the court granted *pro se* plaintiff one final opportunity to June 8, 2018 to file

4    an opposition to the motion to enforce settlement (ECF No. 69).  The Clerk was directed to serve

5    plaintiff via email and also by U.S. Postal Service at two separate addresses.  (*Id.*)  Plaintiff was

6    cautioned that failure to file an opposition to the motion to enforce constituted a consent to the

7    granting of the motion pursuant to Local Rule 7-2(d).  (*Id.*)  Plaintiff was also advised that an

8    opposition would be accepted either by mail or electronically.  (*Id.*)  To date, no opposition has

9    been filed.

10   **II.**    **Legal Analysis and Discussion**

11       **A.**    ***Enforcement of the Settlement Agreement***

12         A district court has the inherent power to enforce a settlement agreement entered into while

13   the litigation is pending before it.  *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir.

14   1995); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).  This enforcement power extends to oral

15   agreements.  *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002); *Flick v. Bank of Am.*,

16   197 F. Supp. 2d 1229, 1231 (D. Nev. 2002) (noting that "public policy favors voluntary

17   settlement") (citing *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 460-61 (9th Cir. 1989)).

18   However, a district court may not summarily enforce a settlement "where materials facts are in

19   dispute."  *In re City Equities Anaheim*, 22 F.3d at 958.

20         To enforce a settlement agreement, two elements must be satisfied.  *Marks-Foreman v.*

21   *Reporter Publ'g Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998).  First, the settlement agreement

22   must be complete.  *Id.*, citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994);

23   *Doi*, 276 F.3d 1137.  Second, the settlement agreement must be the result of an agreement of the

24   parties or their authorized representatives concerning the terms of the settlement.  *Marks-Foreman*,

25   12 F. Supp. 2d at 1092, citing *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir.

26   1977), *Doi*, 276 F.3d at 1137-38.  Where parties raise objections after the parties agree to a

27   settlement, the court may rightfully deny such objections.  *Harrop*, 550 F.2d at 1144.

28

1    Settlement agreements in Nevada, as in all states, are contracts between the parties.

2  *Turnberry v. Pavillon Partners, L.P. v. M.J. Dean Const., Inc.,* 378 Fed.Appx. 758, 759 (9th Cir.

3  2010).  Therefore, their construction and enforcement are governed by principles of contract law.

4  *Abbott v. Okoye,* 2010 WL 3220184, *4 (E.D. Cal. Aug. 13, 2010) ("Under Nevada law, the

5  construction and enforcement of a settlement agreement is governed by principles of contract

6  law.")

7    In *May v. Anderson,* 121 Nev. 668, 672-73 (2005) the Nevada Supreme Court considered

8  whether a release constituted a material term of a settlement agreement.  In its consideration, the

9  *May* court detailed what is required to have an enforceable settlement agreement:

10    Because a settlement agreement is a contract, its construction and
   enforcement are governed by principles of contract law.  Basic
11    contract principles require, for an enforceable contract, an offer and
   acceptance, meeting of the minds, and consideration. . . . **A contract**
12    **can be formed, however, when the parties have agreed to the**
   **material terms, even though the contract's exact language is not**
13    **finalized until later.**  In the case of a settlement agreement, a court
   cannot compel compliance when material terms remain uncertain.
14

15    The court must be able to ascertain what is required of the respective
16    parties.

17  *May,* 121 Nev. At 672-73 (footnotes omitted) (emphasis added).

18    The *May* court then considered whether the parties agreed to all material terms, specifically

19  whether the parties agreed upon the essential terms of the release.  The court found that they did:

20    The district court found that CCIE made an offer to pay the
21    full policy proceeds in exchange for a general release of all claims
   and a covenant not to sue.  Schwartz had authority to negotiate on
22    behalf of the Mays an accepted the offer in writing.  The finalized
   release document prohibiting the Mays from pursuing any action,
23    not just against the Andersons, but also against Curtis and all other
24    parties who could be liable for the tragic accident, merely reiterates
   the release terms of the accepted settlement agreement.  Regardless
25    of the release document's language, however, since the parties
   agreed upon the essential terms of the release, i.e., all claims, an
26    enforceable settlement agreement exists.  The fact that the Mays
27    refused to sign the proposed draft release document is
   inconsequential to the enforcement of the documented settlement
28    agreement.  The district court was able to determine what was

1   required of the respective parties under the release terms of the
2   settlement agreement and properly compelled compliance by
    dismissing the Mays' actions.  Accordingly, we affirm the district
3   court's judgment.

4   *May*, 121 Nev. At 674-75.

5        A district court can grant a party's motion to enforce a settlement agreement by entering

6   judgment on the instrument if the agreement is either reduced to a signed writing or entered in the

7   court minutes in the form of an order so long as the settlement agreement's terms are certain.  See

8   *Resnick v. Valente*, 97 Nev. 615, 616, 637 P.2d 1205, 1206 (1981); see also *Power Co. v. Henry*,

9   130 Nev. Adv. Op. 21, 321 P.3d 858, 863 (2014).

10       The fact that plaintiff refuses to sign the settlement agreement is immaterial to whether a

11  settlement has been reached.  "Because a settlement contract is formed when the parties have

12  agreed to its material terms, even though the exact language is finalized later, a party's refusal to

13  later execute a release document after agreeing upon the release's essential terms does not render

14  the settlement agreement invalid."  *May*, 121 Nev. at 670.  The issue before the court, therefore, is

15  whether plaintiff and defendants agreed to all the material terms on January 22, 2018.

16       The court finds that the settlement reached on January 22, 2018, is enforceable as discussed

17  below.  First, the settlement was complete, stated on the record, and the parties and counsel were

18  invited to seek clarification or make revisions.  The transcript reveals that the court, the parties,

19  and counsel did just that (ECF No. 74).  *Marks-Foreman v. Reporter Publ'g. Co.*, 12 F. Supp.2d

20  1089, 1092 (S.D. Cal 1998) citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994);

21  *Doi.* 276 F.3d at 1137.  Second, the parties represented in open court that they were authorized to

22  enter into the agreement (ECF No. 74).  *Marks-Foreman*, 12 F. Supp. 2d at 1092, citing *Harrop v.*

23  *Western Airlines, Inc.*, 550 F.2d 1143-45 (9th Cir. 1977), *Doi*, 276 F.3d at 1137-38.

24       As with any settlement agreement reached in open court, the final written settlement

25  agreement nearly always contains more detailed recitals and provisions to memorialize the parties'

26  understanding.  That fact cannot be used as a basis for reneging on the settlement "when the parties

27  have agreed to the material terms, even though the contract's exact language is not finalized until

28  later."  *See May v. Anderson*, 121 Nev. 668, 672-73 (2005).  The question then is, what are

- 5 -

1    considered essential or material terms of the agreement?  This requires a case-by-case analysis.

2    *Id.* at 673.

3        Plaintiff filed no opposition to the motion to enforce settlement agreement despite being

4    *sua sponte* granted many opportunities to do so (ECF No. 60, 64 & 69).  Pursuant to LR 7-2(d),

5    plaintiff's failure to file opposition to the motion constitutes her consent to the granting of the

6    motion.

7        This court has carefully reviewed the transcript of the January 22, 2018, hearing during

8    which the terms of the settlement were placed on the record (ECF No. 74).  The court's standard

9    practice is to admonish the parties and counsel about the importance of putting a settlement on the

10   record, and the court did so here:

11           THE COURT:  The parties, I'm very pleased to report, have reached
12           a settlement of this case.  And this is now a very important part of
            this proceeding because we're going to put the terms of the
13           settlement on the record.  And I'm going to ask counsel and the
            clients – or client representatives, canvass everyone and ask if you
14           understand and agree to the settlement terms.

15           The reason this process is so important is that it will be what I listen
16           to in the event there's a dispute about what the settlement terms are
            and the parties come back and ask that the settlement agreement be
17           enforced.

18           So it really is important.  And I know it's late in the day, but I really
19           want to urge counsel and the clients, if you do have a specific
            question, you are most welcome to stop, ask to speak with your
20           lawyer, or I may – if I say something incorrect, please go ahead and
21           correct me or ask for clarification.

22   (ECF No. 74 at 3:19-4:10).

23       The very first settlement term placed on the record to which all parties and counsel agreed,

24   was that the terms of the settlement placed on the record that day were binding, notwithstanding

25   the fact that they were going to later be put into a written settlement agreement (*Id.* at 4:24-5:2).

26   The parties and their counsel each specifically agreed that that was their understanding and

27   agreement (*Id.* at 5:3-24).

28

The remaining essential terms of the settlement agreement were recited and agreed to by all parties on the record as follows:

> 1. In settlement of all claims raised in this litigation, the defendants will pay plaintiff the sum of $49,000 in settlement of all claims, and that includes the payment of attorneys' fees (*Id.* at 5:25-6:16);
>
> 2. Counsel would work together to determine whether two checks would be made payable and to whom (*Id.* at 6:16-7:23);
>
> 3. The parties agreed that this is the settlement of a disputed claim and is not to be construed as an admission of liability (*Id.* at 7:24-13);
>
> 4. Plaintiff agreed not to seek employment with any division of the State of Nevada, and the State of Nevada agreed to provide a neutral reference with dates of position held and identify position held (*Id.* at 8:14-9:9);
>
> 5. The parties agreed that this court would retain jurisdiction over the terms of the settlement until the stipulation to dismiss was entered with prejudice (*Id.* at 9:10-10:6); and
>
> 6. The parties agreed to file a stipulation for dismissal on or before February 21, 2018 (*Id.* at 10:7-19).

The court then confirmed that the plaintiff and the defendants' client representative had full authority to settle the case (*Id.* at 10:20-25). The court invited all parties to ask any questions they might have, and no party asked a question or had any further comments (*Id.* at 11:1-17).

The court has reviewed the draft of the settlement agreement attached as Exhibit A to the motion to enforce settlement agreement and has determined that it comports with the parties' agreement on January 22, 2018 (ECF No. 58, Ex. A).

Based upon the foregoing, the court concludes that the parties entered into a binding settlement agreement in open court on January 22, 2018. The recommends that defendants' motion to enforce settlement agreement (ECF No. 58) be granted. The court further recommends that the court order that Exhibit A to ECF No. 58 (copy attached) be deemed the operative settlement agreement upon which judgment will be entered.

The court has further reviewed the attorneys' lien filed on April 3, 2018 (ECF No. 65), the supplemental attorneys' lien filed on June 26, 2018 (ECF No. 73), and the draft settlement

1   agreement (ECF No. 58, Ex. A) and has determined that settlement proceeds shall be dispersed as

2   follows:

3           1.      A check in the amount of $19,600.00 shall be made payable to
4           HKM Employment Attorneys LLP and shall be mailed to Jenny Foley,
            Esq., HKM Employment Attorneys LLP, 1785 E. Sahara Avenue, Suite
5           325, Las Vegas, NV 89104 within thirty days from the entry of the District
6           Court's final order on this report and recommendation; and

7           2.      A check in the amount of $29,400.00 shall be made payable to
8           Devon Robertson and shall be mailed, via certified mail – return receipt,
            to Devon Robertson, 2226 Blue Spruce Way, No. C, Tampa, Florida
9           33604 (ECF No. 70) within thirty days from the entry of the District
            Court's final order on this report and recommendation.

10  **III.    Conclusion**

11          The parties are advised:

12          1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

13  the parties may file specific written objections to this Report and Recommendation within fourteen

14  days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

15  Recommendation" and should be accompanied by points and authorities for consideration by the

16  District Court.

17          2.    This Report and Recommendation is not an appealable order and any notice of appeal

18  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

19                              **RECOMMENDATION**

20          IT IS RECOMMENDED that the court enter an order GRANTING the defendants'

21  motion to enforce settlement agreement (ECF No. 58); and deeming that Exhibit A to ECF No.

22  58 (copy attached) is the operative settlement agreement upon which judgment will be entered.

23          IT IS FURTHER RECOMMENDED that the District Court enter and order requiring the

24  settlement proceeds to be dispersed as follows:

25          1.      A check in the amount of $19,600.00 shall be made payable to
26          HKM Employment Attorneys LLP and shall be mailed to Jenny Foley,
            Esq., HKM Employment Attorneys LLP, 1785 E. Sahara Avenue, Suite
27          325, Las Vegas, NV 89104 within thirty days from the entry of the order;
28          and

1

2. A check in the amount of $29,400.00 shall be made payable to
Devon Robertson and shall be mailed, via certified mail – return receipt,
to Devon Robertson, 2226 Blue Spruce Way, No. C, Tampa, Florida
33604 within thirty days from the entry of the order.

2

3

4

DATED:  June 27, 2018.

5

6

UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (hereinafter referred to as this "Agreement") is made and entered into by and between the following individuals and entities:

- DEVON ROBERTSON, an individual (hereinafter referred to as "PLAINTIFF");

- STATE OF NEVADA, EX REL. ITS DEPARTMENT OF HEALTH AND HUMAN SERVICES, (hereinafter referred to as the "STATE") a government entity;

- RUSSELL KLEIN, an individual (hereinafter referred to as "KLEIN"); and

- GREGORY THORNTON, an individual (hereinafter referred to as "THORNTON")

The individuals and entity named above are referred to collectively throughout this Agreement as the "Parties."

WHEREAS, PLAINTIFF filed an action in the United States District Court, District of Nevada, entitled *DEVON ROBERTSON v. STATE OF NEVADA, ex rel ITS DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.*, Case No. 17-cv-00057-LRH-VPC (hereinafter referred to as the "Litigation"). The Litigation arose out of PLAINTIFF'S termination on October 27, 2016. PLAINTIFF alleges discrimination due to hostile work environment, discrimination because of disability, retaliation because of speech and denial of equal protection.

WHEREAS, the Parties to this Agreement desire to fully and finally settle, and to dismiss *with prejudice*, all of the actions, suits, causes of action, claims, claims for relief, and proceedings between them which now exist or may arise out of, or have relationship to, the Litigation.

IN CONSIDERATION of the mutual promises set forth herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree to the following terms and conditions:

### SECTION 1
#### Payment

Within 30 business days of the full execution of this Agreement, the STATE will pay $49,000.00 to PLAINTIFF. The payment shall be made by two checks payable as

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 2 of 2

follows: 1) in the amount of $19,600 to "HKM Employment Attorneys LLP" and shall be addressed to "HKM Employment Attorneys c/o Jenny Foley, 1785 E Sahara Suite 325, Las Vegas, NV 89104" and 2) in the amount of $29,400 to "Devon Robertson" and shall be addressed to "Devon Robertson _____"

PLAINTIFF acknowledges that she is responsible to satisfy liens, of any kind or nature whatsoever, related to the Litigation and the incident out of which the Litigation arose. PLAINTIFF agrees to indemnify and hold harmless the STATE, KLEIN, THORNTON and their respective legal representatives, heirs, successors, assigns, insurers, agencies, divisions, departments, and employees, of any kind or nature whatsoever, from any and all damages, injunctive relief, equitable relief, interest, attorneys' fees, and costs arising from litigation relating to liens that PLAINTIFF fails to satisfy.

## SECTION 2
## Additional Terms

PLAINTIFF agrees that should she desire an employment reference from the STATE she shall direct the reference request to the Human Resource Manager for the State of Nevada, Division of Child and Family Services, who will provide a neutral reference for PLAINTIFF which shall include the following but not limited to: (1) PLAINTIFF'S date of hire of January 15, 2016; (2) PLAINTIFF'S last date of employment on October 27, 2016; (3) PLAINTIFF'S title; and (4) PLAINTIFF'S salary if requested.

PLAINTIFF further agrees to not seek or accept employment or an independent contract with the State of Nevada.

## SECTION 3
## Dismissal of the Litigation

Upon the full execution of this Agreement, the Parties shall stipulate to the dismissal of the Litigation with prejudice. A stipulation for dismissal with prejudice in the form attached to this Agreement as **Exhibit 1** shall be executed by counsel for the Parties and shall be immediately delivered to counsel Shannon Richards (the STATE), who will promptly cause it to be filed with the United States District Court.

## SECTION 4
## Mutual Releases

4.1.    Plaintiff forever releases and discharges:

The STATE, KLEIN, THORNTON and their past and present subsidiary corporations, parent corporations,

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 3 of 3

affiliates, partners, joint venturers, heirs, successors, predecessors, assigns, contractors, subcontractors, officers, directors, shareholders, employees, agents, attorneys and insurers (in their individual and representative capacities) from any and all claims, demands, losses, damages, actions, causes of action, suits, debts, promises, liabilities, obligations, liens, costs, expenses, attorneys' fees, indemnities, subrogations (contractual or equitable) or duties, of any nature, character or description whatsoever, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, anticipated or unanticipated, asserted or unasserted, including, but not limited to, all the claims and/or counterclaims asserted in the Litigation or that could have been asserted in the Litigation.

4.2.    The STATE, KLEIN, and THORNTON forever release and discharge:

PLAINTIFF and her past and present subsidiary corporations, parent corporations, affiliates, partners, joint venturers, heirs, successors, predecessors, assigns, contractors, subcontractors, employees, agents, attorneys, representatives and insurers (in their individual and representative capacities) from any and all claims, demands, losses, damages, actions, causes of action, suits, debts, promises, liabilities, obligations, liens, costs, expenses, attorneys' fees, indemnities, subrogations (contractual or equitable) or duties, of any nature, character or description whatsoever, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, anticipated or unanticipated, asserted or unasserted, including, but not limited to, all the claims and/or counterclaims asserted in the Litigation or that could have been asserted in the Litigation.

4.3.    The Parties jointly and severally acknowledge that they may later discover material facts in addition to, or different from, those which they now know or believe to be true with respect to the claims and/or counterclaims asserted in the Litigation or the negotiation, execution or performance of this Agreement. The Parties further acknowledge that there may be future events, circumstances or occurrences materially different from those they know or believe likely to occur. It is the intention of the Parties to fully, finally and forever settle and release all claims, disputes and differences including, but not limited to, all the claims and/or counterclaims asserted in the Litigation or that could have been asserted in the Litigation. The releases provided in this Agreement shall remain in full effect notwithstanding the discovery or existence of any

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 4 of 4

such additional or different facts or occurrence of any such future events, circumstances or conditions.

      4.4.    Excluded from the Releases provided in Sections 4.1 and 4.2 shall be (1) this Agreement, (2) the obligations and rights arising under this Agreement and (3) any obligations that Plaintiff has to the State of Nevada independent of her claims in the Litigation. Nothing in this Agreement shall affect, limit, or waive those rights or obligations not at issue in the Litigation in any way.

## SECTION 5
### Representation on Authority of Parties/Signatories

      Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each Party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such Party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such Party and enforceable in accordance with its terms. Each Party further represents and warrants that it has not transferred its rights related to the Litigation to any third party. Each Party further represents there is no present agreement that would be breached by entering into this Agreement.

## SECTION 6
### Purpose of Compromise and Settlement

      The Parties have each entered into this Agreement solely for the purpose of settling and compromising the disputes between the Parties regarding the Litigation and nothing contained in this Agreement or its performance shall be deemed to be an admission or acknowledgment of: liability; the existence of damages; or the amount of any damages relating to the Litigation. This Agreement shall in no way be construed as an admission by the STATE, KLEIN, THORNTON or any of their legal representatives, heirs, successors, assigns, agencies, divisions, departments, and employees, of any kind or nature whatsoever, of any liability in the Litigation, but constitutes the good faith, fair, and equitable compromise of causes of action and claims for relief between them, which are disputed, to resolve the Litigation and to avoid the burden, expense, delay, and uncertainties of pursuing the Litigation.

## SECTION 7
### Substituted Contract

      This Agreement is a substituted contract and not an executory accord. Except as specified herein, this Agreement replaces and supersedes all prior agreements or contracts relating to the subject matter of this Agreement including, but not limited to, the claims and counterclaims asserted in the Litigation. In the event of the breach of this Agreement

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 5 of 5

by any Party, the remedies of the non-breaching Party shall be limited to enforcement of this Agreement and compensatory damages for breach of this Agreement.

## SECTION 8
## Binding Effect

This Agreement shall inure to the benefit of, and be binding upon, the Parties and their respective heirs, successors and assigns. Except as stated in Sections 3 and 4, this Agreement is not intended to create, and shall not create, any rights in any person who is not a party to this Agreement.

## SECTION 9
## Waiver

Neither the failure nor any delay on the part of any Party to exercise any right, remedy, power or privilege under this Agreement shall operate as a waiver of that right, remedy, power or privilege. No waiver of any right, remedy, power or privilege with respect to any particular occurrence shall be construed as a waiver of such right, remedy, power or privilege with respect to any other occurrence.

## SECTION 10
## Time of the Essence

Time is of the essence of this Agreement and all of its terms, provisions, conditions and covenants.

## SECTION 11
## Entire Agreement

This Agreement contains the entire agreement between the Parties and may not be changed or terminated orally but only by a written instrument executed by the Parties after the date of this Agreement.

## SECTION 12
## Construction

The terms and conditions of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party. The Parties acknowledge that each of them has reviewed this Agreement and has had the opportunity to have it reviewed by their attorneys and that any rule or construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement, including its exhibits or any amendments.

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 6 of 6

## SECTION 13
### Partial Invalidity

If any term of this Agreement, or the application of any term of this Agreement, should be held by a court of competent jurisdiction to be invalid, void or unenforceable, all provisions, covenants and conditions of this Agreement, and all of its applications, not held invalid, void or unenforceable, shall continue in full force and effect and shall not be affected, impaired or invalidated in any way.

## SECTION 14
### Governing Law and Forum

The laws of the State of Nevada applicable to contracts made, or to be wholly performed there (without giving effect to choice of law or conflict of law principles), shall govern the validity, construction, performance and effect of this Agreement. Any lawsuit to interpret or enforce the terms of this Agreement shall be brought in a court of competent jurisdiction in the State of Nevada.  To the extent permitted by law, the District Court will retain jurisdiction over any dispute between the parties arising from this Agreement or the Litigation.

## SECTION 15
### Necessary Action

Each of the Parties shall do any act or thing and execute any or all documents or instruments necessary or proper to effectuate the provisions and intent of this Agreement.

## SECTION 16
### Counterparts

This Agreement may be executed in any number of counterparts, each of which when duly executed and delivered shall be an original, but all such counterparts shall constitute one and the same agreement. Any signature page of this Agreement may be detached from any counterpart without impairing the legal effect of any signatures, and may be attached to another counterpart, identical in form, but having attached to it one or more additional signature pages. This Agreement may be executed by signatures provided by electronic facsimile transmission (also known as "Fax" copies) or electronic scans of original signatures, which signatures shall be as binding and effective as original signatures.

## SECTION 17
### Notices

Settlement Agreement and Release of All Claims
*Robertson v. State. et al.*, Case No. 17-cv-00057-LRH-VPC
Page 7 of 7

Any and all notices and demands by or from any Party required or desired to be given under this Agreement shall be in writing and shall be validly given or made if served either personally or if deposited in the United States Certified Mail Return Receipt Requested. If such notice or demand is served by certified mail in the manner provided, service shall be conclusively deemed given upon receipt or attempted delivery, whichever is sooner.

Any notice or demand to PLAINTIFF shall be addressed to: Jenny Foley, 1785 E Sahara, Suite 325, Las Vegas, NV 89104.

Any notice or demand to the STATE shall be addressed to the party to receive notice c/o Nevada Attorney General's Office, Health and Human Services Division, 555 E. Washington Ave., Suite 3900, Las Vegas, NV 89101.

## SECTION 18
## Miscellaneous

The captions appearing at the commencement of the sections of this Agreement are descriptive only and for convenience in reference to this Agreement and shall not define, limit or describe the scope or intent of this Agreement, nor in any way affect this Agreement.

Masculine or feminine pronouns shall be substituted for the neuter form and vice versa, and the plural shall be substituted for the singular form and vice versa, in any place or places in this agreement in which the context requires such substitution or substitutions.

WHEREFORE, the Parties enter into this Agreement by affixing their signatures, and the undersigned hereby acknowledge that they have the authority to enter into this Agreement.

DEVON ROBERTSON, an individual

STATE OF NEVADA          )
                         ) ss:
COUNTY OF CLARK          )

This instrument has been acknowledged before me this _____ day of _____, 2018, by DEVON ROBERTSON, an individual.

NOTARY PUBLIC in and for
said County and State

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 8 of 8


STATE OF NEVADA            )
                           ) ss:
CARSON CITY                )


_____
RICHARD WHITLEY, Director
State of Nevada, Department of Health and Human Services


This instrument has been acknowledged before me this _____ day of _____,
2018, by RICHARD WHITLEY.


                    _____
                    NOTARY PUBLIC in and for said County and State


STATE OF NEVADA            )
                           ) ss:
LYON COUNTY                )


_____
RUSSELL KLEIN


This instrument has been acknowledged before me this _____ day of _____,
2018, by RUSSELL KLEIN.


                    _____
                    NOTARY PUBLIC in and for said County and State

///

///

///

///

///

///

Settlement Agreement and Release of All Claims
*Robertson v. State, et al.*, Case No. 17-cv-00057-LRH-VPC
Page 9 of 9

STATE OF NEVADA          )
                          ) ss:
COUNTY OF ELKO           )


_____
GREGORY THORNTON


This instrument has been acknowledged before me this _____ day of _____,
2018, by GREGORY THORNTON.



_____
NOTARY PUBLIC in and for said County and State